Julius Bradford
Name
HDSP; P.O. Box 650
Indian Springs, NV 89070
81604
Prison Number



# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
***

Julius Bradford
                                          ,
Plaintiff

vs.

Joshua D. Owens
                                          ,

                                          ,

                                          ,

                                          ,

                                          ,
Defendant(s).

# 2:20-cv-00791-GMN-BNW

### CIVIL RIGHTS COMPLAINT
### PURSUANT TO
### 42 U.S.C. § 1983

## A.     JURISDICTION

1)    This complaint alleges that the civil rights of Plaintiff, Julius Bradford                ,
(print plaintiff's name)

who presently resides at 22010 Cold Creek Road, Indian Springs, NV , were violated by

the actions of the below-named individuals that were directed against Plaintiff at

Las Vegas, Nevada                 on    the    following    dates:
(institution/city where violation occurred)

November 13, 2019 , November 13, 2019 , and November 13, 2019 .
(Claim 1)              (Claim 2)              (Claim 3)

Revised 7/8/19

**Make a copy of this page to provide the below
information if you are naming more than five (5) defendants**

2) Defendant ___Joshua D. Owens___ ~~resides~~ *works* at __Nevada State Library, Archives, Public Records__, and is
      (full name of first defendant)                        (address of first defendant)

employed as __records official / archivist__. This defendant is sued in his/her
                  (defendant's position and title, if any)

_X_ individual _X_ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: __The Nevada State Library, Archives, and Public Records, and its officers are required to__
__provide certified copies of public records in its custody upon request. NRS§§ 239.008, 239.010, 239.030.__

3) Defendant _____ resides at _____, and is

employed as _____. This defendant is sued in his/her

___ individual ___ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

4) Defendant _____ resides at _____, and is

employed as _____. This defendant is sued in his/her

___ individual ___ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

5) Defendant _____ resides at _____, and is

employed as _____. This defendant is sued in his/her

___ individual ___ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

6) Defendant _____ resides at _____, and is

employed as _____. This defendant is sued in his/her

___ individual ___ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional statutes, list them below.

    _Additionally, 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 2201(a)_

## B.    NATURE OF THE CASE

8) Briefly state the background of your case.

    1. I am a Pro Se defendant awaiting trial in the Eighth Judicial District Court, in Clark County, Nevada (Case No. 09C250928). The court, in that matter, has appointed a private investigator, Murray Todd (Toby) Tobiasson, to assist me in the preparation of my defense.

    2. Between mid-September 2019 and late-October 2019, communicating primarily with Joshua D. Owens (hereinafter "Defendant"), Mr. Tobiasson requested

3

a number of documents on my behalf from the Nevada State Library, Archives and Public Records (hereinafter "N.S.L.A.P.R.").

3. Upon information and belief, Mr. Tobiasson made clear to the Defendant that these requests were being made on my behalf.

4. During the aforementioned time period, the Defendant emailed copies of the public records requested, which were in the custody of the N.S.L.A.P.R., to Mr. Tobiasson. These documents included Assembly Bill No. 1 (1957), Assembly Bill No. 2 (1957), Assembly Bill No. 3 (1957), Senate Bill No. 1 (1957), Senate Bill No. 2 (1957), Senate Bill No. 3 (1957), Assembly Concurrent Resolution No. 1 (1957), and Senate Concurrent Resolution No. 1 (1957); all of which were introduced during the 48th Session of the Nevada Legislature (1957).

5. In mid-to-late October 2019, at my request, Mr. Tobiasson contacted the Defendant and requested certified copies of the public records described, supra, in Paragraph 4. The Defendant then relayed to Mr. Tobiasson that the N.S.L.A.P.R. does NOT provide certified copies of public records in its custody.

6. On November 13, 2019, at my request, Mr. Tobiasson contacted the Defendant via email and I informed him that I, Julius Bradford, insisted on obtaining certified copies of the documents, and asked him to check into it again. The Defendant responded via email, on the same day, and again told Mr. Tobiasson that the N.S.L.A.P.R. does not furnish certified copies of documents. At all times described herein the Defendant acted under color of state law in his capacity as an Archivist/Records Official employed by the N.S.L.A.P.R. (See Exhibit A, attached)

3-A

## C.     CAUSE(S) OF ACTION

### CLAIM 1

~~The following civil rights have been violated:~~ Plaintiff seeks Declaratory Judgment under 28 U.S.C. §2201(a) enumerating my rights and legal relations of myself and the Defendant under NRS§§ 239.008, 239.010, 239.0107, and 239.030 pursuant to the Federal Constitution.

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

7. Plaintiff realleges and hereby incorporates by references all prior paragraphs of this Complaint as if set forth fully herein.

8. The N.S.L.A.P.R. is an agency of the Executive Department of the State of Nevada and has employees designated to act as records officials pursuant to NRS 239.008(1). On November 13, 2019 the Defendant was acting in his capacity as a records official for the N.S.L.A.P.R. and had the ultimate duty of carrying out the duties imposed by NRS Chapter 239, which includes NRS§§ 239.010, 239.0107 and 239.030.

9. NRS 239.030 requires the Defendant to furnish certified copies of public records in the custody of N.S.L.A.P.R. upon request.

10. The only limitation/exception on when the Defendant is required to provide a certified copy pursuant to NRS 239.030 is if/when the contents of the public record has been declared "confidential".

11. The Defendant had previously provided uncertified copies of the documents as described, supra, Paragraph 4, in the manner pre-scribed by NRS 239.0107. Ipso facto, the records were NOT considered confidential so there was no lawful reason for the Defendant to not comply with the provisions of NRS 239.030.

4

12. NRS 239.010 prohibits the Defendant from refusing to provide a certified copy, a readily available medium, of a public record in his custody.

13. Plaintiff asserts that the Defendant had a legal duty to provide me with certified copies of the documents described supra in Paragraph 4.

14. Plaintiff asserts that the N.S.L.A.P.R. indeed certifies documents upon request pursuant to NRS 239.030.

15. Plaintiff asserts that my right to the equal protection of the laws under the United States Constitution should afford me the same treatment under NRS 239.030 as any other person.

16. Plaintiff asserts that NRS 239.030 creates an interest that I cannot be arbitrarily deprived of by a State official.

17. Plaintiff asserts that NRS 239.020 creates an interest that I cannot be deprived of by the Defendant, acting under color of state law, without due process of law.

18. Plaintiff seeks a declaratory judgment enumerating the obligations/duties of the N.S.L.A.P.R. and its records officials pursuant to NRS 239.030.

19. Plaintiff seeks a declaratory judgment stating that the Defendant, while acting under color of state law, arbitrarily deprived me of the interest created by, and equal protection of, NRS 239.030, without due process of law.

20. Plaintiff seeks a declaratory judgment stating that the language of NRS 239.030 makes the certification of non-confidential public records copies requested to be mandatory, rather than discretionary, by records official.

4-A

## CLAIM 2

The following civil rights have been violated: My Fourteenth Amendment right to the Equal Protection of NRS 239.030 and equal treatment by the Defendant as a records official employed by the N.S.L.A.P.R.

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

21. Plaintiff re-alleges and hereby incorporates by reference all prior paragraphs of this Complaint as if set forth fully herein.

22. The Defendant's assertion that the N.S.L.A.P.R. does not certify documents was false. In fact, the invoice used by Archivists/Records Officials employed by the N.S.L.A.P.R. shows that ~~Documentati~~ Document Certification is provided at a cost of $5.00 per certification. (See Exhibit B, attached)

23. The Defendant treated me in a manner inconsistent with the way other persons who request a certified copy of a public record from the N.S.L.A.P.R. are treated.

24. Upon information and belief, the Defendant has provided certified copies of public records to other persons when requested to do so.

25. Upon information and belief, the standard invoice provided by the Defendant in his capacity as an Archivist/Records Official lists Document Certification as an offered service of the N.S.L.A.P.R.

26. The Defendant knew that I was entitled to have/receive certified copies of the requested documents but denied me anyway. His refusal denied me the equal protection of NRS 239.030.

5

## CLAIM 3

The following civil rights have been violated: My Fourteenth Amendment right to due process and the freedom from the arbitrary deprivation of my rights and interests by state officials or individuals acting under color of state law.

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

27. Plaintiff re-alleges and hereby incorporates by reference all prior paragraphs of this Complaint as if set forth fully herein.

28. NRS 239.030 creates a liberty interest insofar as it precludes any discretion by state officers. NRS 239.030 makes it mandatory for the Defendant to provide certified copies of the public records in his custody upon request. The Defendant did not follow this mandate.

29. The Defendant falsely claimed that the N.S.L.A.P.R. does not certify documents in an effort to deprive me of the right and liberty interest created by NRS 239.030.

30. The Defendant failed to cite any lawful reason for denying me a certified copy of the documents requested. The Defendant denied me solely because he wanted to. The way and manner in which the Defendant tried to arbitrarily deprive me of the rights, interests and equal protection of NRS 239.030, was intended to deny me the opportunity to challenge his actions/decision. The Defendant tried to conceal his denial of my request for certified copies in a cloak of "being unavailable", all the while knowing that the N.S.L.A.P.R. indeed certifies documents and that he

6

was lawfully obligated to provide me with such.

31. The Defendant did not follow any protocols and/or procedures that can be asserted to justify him depriving me of the right and interest created by NRS 239.030.

32. Additionally, and in the alternative, if the Defendant did follow some sort of "secret protocol" in denying my request for certified copies, I was not afforded fair notice of this procedure nor the opportunity to have the Defendant's denial reviewed in a meaningful manner.

6-A

## COUNT ■ 4

The following civil rights has been violated: My First Amendment right to access the courts and my Fourteenth Amendment right to be free from the impediment thereof by an official/individual acting under color of state law.

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

33. Plaintiff re-alleges and hereby incorporates by reference all prior paragraphs of this Complaint as if set forth fully herein.

34. Both the Federal Rules of Civil Procedure and the Nevada Rules of Civil Procedure, not to mention the United States Constitution, assert the weight that the attestation of the officer with legal custody of a public record holds in court. I intended to use the requested certified copies described, supra, in Paragraph 4, to show the discrepancies amongst contemporary legislation in relation to the terms of 1949 Statutes of Nevada, Chapter 3 as amended. I was unable to pursue this line of attack due to the Defendant's actions.

35. I intend to bring an action pursuant to 28 U.S.C. §2241 and will be frustrated in that effort because the crux of my claim relies on the form and contents of these public records.

36. The Defendant's actions are directly responsible for impeding pleadings I intend to file and actions I intend intend to bring in both State and Federal court.

37. These injuries came into being on November 13, 2019 with the Defendant's final refusal of my request for certified copies of the aforementioned documents.

6-B

9) Have you filed other actions in state or federal courts involving the **same or similar facts** as involved in this action? Circle one: Yes or No. If your answer is "Yes," describe each lawsuit. (If more than one, describe the others on an additional page answering the following questions.)

a) Defendants: N/A

b) Name of court and docket number: N/A

c) Disposition (for example, was the case dismissed, appealed or is it still pending?): N/A

d) Issues raised: N/A

e) Approximate date it was filed: N/A

f) Approximate date of disposition: N/A

10) Have you filed an action in federal court that was dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted? Circle one: Yes or No. If your answer is "Yes," describe each lawsuit. (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page answering the following questions.)

**Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:**

a) Defendants: Bill Young; Dan Long; Mike Grath

b) Name of court and case number: U.S. D.C. (Dist. NV), Case No. 3-06-cv-00050-JCM-RAM

c) The case was dismissed because it was found to be (circle one): (1) frivolous; (2) malicious; or (3) failed to state a claim upon which relief could be granted.

d) Issues raised: I cannot remember the exact issue but I believe it was about the Defendants giving the wrong gang affiliation to the media. I believe, based on the issue alleged, that it was dismissed because it did not raise a federal claim.

e) Approximate date it was filed: 5/19/2006 (Submitted 1/23/2006)

f) Approximate date of disposition: 5/19/2006

7

**Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:**

a)   Defendants: _____ N/A _____

b)   Name of court and case number: ___ N/A _____

c)   The case was dismissed because it was found to be (circle one): (1) frivolous;

     (2) malicious;  or (3) failed to state a claim upon which relief could be granted.

d)   Issues raised: _____ N/A _____

     _____

     _____

e)   Approximate date it was filed: ____ N/A _____

f)   Approximate date of disposition: ____ N/A _____

**Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:**

a)   Defendants: _____ N/A _____

b)   Name of court and case number: ___ N/A _____

c)   The case was dismissed because it was found to be (circle one): (1) frivolous;

     (2) malicious;  or (3) failed to state a claim upon which relief could be granted.

d)   Issues raised: _____ N/A _____

     _____

     _____

e)   Approximate date it was filed: ____ N/A _____

f)   Approximate date of disposition: ____ N/A _____

### D.     REQUEST FOR RELIEF

I believe I am entitled to the following relief: 1. For this Court to issue a declaratory judgment in the manner described herein in Paragraphs 18, 19, and 20.

2. For the award of compensatory damages against the Defendant in the amount of $5,000.00.

3. For the award of punitive damages against the Defendant in the amount of $15,000.00.

4. Any other relief as it may appear Plaintiff is entitled.

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** *See* 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____
N/A
(name of person who prepared or helped
prepare this complaint if not the plaintiff)

_____
(signature of plaintiff)

_____
4/15/20
(date)

9

**EXHIBIT** A

**EXHIBIT** A

**From:** **Joshua D. Owens** jowens@admin.nv.gov
**Subject:** RE: Certified Copies
**Date:** November 13, 2019 at 10:29 AM
**To:** toby tobiasson toby2424@aol.com



Toby,

I am sorry we do not certify documents. Someone could always come in person and make copies and then take them to get notarized or bring a notary with them. That's my only suggestion. Tell your client I am sorry, but it is just something that we don't do.


Josh

**From:** toby tobiasson <toby2424@aol.com>
**Sent:** Wednesday, November 13, 2019 8:56 AM
**To:** Joshua D. Owens <jowens@admin.nv.gov>
**Cc:** Lisa Rasmussen <Lisa@lrasmussenlaw.com>
**Subject:** Certified Copies

Hi Mr. Owens,

We spoke a while back about research for past senate and assembly bills from 1957. You very quickly emailed all the requests items back to me and it was very appreciative. I called and asked about getting these copies certified and you said that they are copies of the original and you don't do certified copies. Our client, Mr. Bradford is insisting on obtaining certified copies of these items. Is it possible to double check on process of obtaining certified copies?

Thank you,
Toby Tobiasson
PI# 1846
702-379-7387

**EXHIBIT** $\mathcal{B}$

**EXHIBIT** $\mathcal{B}$

## Secretary

| | |
|---|---|
| **From:** | Julius Bradford <juliusbradford@aol.com> |
| **Sent:** | Tuesday, May 7, 2019 2:17 PM |
| **To:** | Lisa Rasmussen |
| **Cc:** | Secretary |
| **Subject:** | Fwd: SB 2 from 1957 |
| **Attachments:** | Julius Bradford.pdf |

-----Original Message-----
From: Natacha Faillers <nfaillers@admin.nv.gov>
To: Julius Bradford <juliusbradford@aol.com>
Sent: Fri, Apr 12, 2019 11:21 am
Subject: RE: SB 2 from 1957

Hi Julius,

That will not be a problem. We charge $5.00 per certification and have attached an invoice for you. Please send a check or money to the address listed on the invoice at you convenience. Once we receive your payment, we will then certify a copy of the bill for you and send it to your address.

Please let me know if you have any questions.

Natacha Faillers
Nevada State Library, Archives and Public Records
Working Hours 10:00am – 2:00pm



**From:** Julius Bradford <juliusbradford@aol.com>
**Sent:** Tuesday, April 09, 2019 1:25 PM
**To:** Natacha Faillers <nfaillers@admin.nv.gov>
**Subject:** Re: SB 2 from 1957

Thank you for the copy of the Bill, if possible I would like to obtain a certify copy of this same Bill and have it mailed to me. Can you tell how much a certify copy will cost and how to pay for it. Thank you so much for your help.

Julius Bradford

-----Original Message-----
From: Natacha Faillers <nfaillers@admin.nv.gov>
To: juliusbradford@aol.com <juliusbradford@aol.com>
Sent: Thu, Mar 28, 2019 11:50 am
Subject: SB 2 from 1957

Hi Julius,

I have scanned and attached the 1957 SB 2 for you. I hope this helps!

Have a good day,

1

Natacha Faillers, Archives Assistant
Nevada State Library & Archives
100 N. Stewart Street
Carson City, NV  89701
775-684-3310/Fax 775-684-3371



**NEVADA STATE LIBRARY,
ARCHIVES AND PUBLIC
RECORDS**

# INVOICE

**ARCHIVES AND RECORDS**

100 North Stewart Street
Carson City, NV  89701-4285
775-684-3362/775-684-3311
nfaillers@admin.nv.gov

To          Julius Bradford

INVOICE NO.     **A19-09**
DATE              **April 12, 2019**

| RECEIPT NUMBER | PAYMENT TYPE | PAYMENT TERMS | | DATE PAID |
|---|---|---|---|---|
| | | All Services Must be Paid in Advance | | |

| QUANTITY | DESCRIPTION | UNIT PRICE | | LINE TOTAL |
|---|---|---|---|---|
| 1.00 | Document certification | $ | 5.00 | $5.00 |
| | Large Format Scan (200 dpi) | | 2.29 | |
| | Color Scans = $3.75 each | | 5.00 | |
| | Color Scans = $3 per linear foot | | 3.00 | |
| | Document scanning: oversize pages on Zeutschel scanner | | 0.20 | |
| | Document scanning (per page) | | 0.10 | |
| | Microfilm Duplicate | | 15.00 | |
| | Photocopies | | 0.10 | |
| | Photo Scans (per image) | | 0.10 | |
| |   Black and White | | 2.00 | |
| |   Color | | 3.00 | |
| | CD | | 10.00 | |
| | Scans from Microfilm (per image to 300 dpi Tiff) | | 0.05 | |
| | Scans from Microfilm (per image to 300 dpi pdf) | | 0.11 | |
| | Scanning Operator (per hour) | | 28.05 | |
| | Non-standard document handling - stitching hourly rate | | 50.00 | |
| | Research - Nevada Residents (per hour) | | 15.00 | |
| | Research - Non-Nevada Residents (per hour) | | 20.00 | |
| | | TOTAL | $ | 5.00 |

Please make all checks payable to Nevada State Archives, include invoice number, and write *Attention: Natacha Faillers* on envelope.
**THANK YOU!**